VOLLOR et al. v. BOARD OF SUP'RS OF WARREN COUNTY.

(Division A. Feb. 24, 1930. Suggestion of Error Overruled, March 24, 1930.)

[126 So. 390. No. 28529.]

**Hirsh, Dent & Landau** and **Vollor & Kelly,** all of Vicks-
burg, for appellants.

 

Wm. I. McKay, of Vicksburg, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a decree validating a proposed issue of bonds by the board of supervisors of Warren county. The board made an order, setting forth its intention to issue bonds of the county to the amount of seventy-five thousand dollars "for the purpose of remodeling, repairing, enlarging and supplementing the courthouse of said county." They fixed the date for the election thereof, which election was held, and in which the issuance of the bonds was approved. On the coming in of the election returns, the board made another order, setting forth, in effect, that the interest of the county would be better served by the erection of a building on a lot owned by the county near, and immediately across the street from, the present courthouse, for the purpose of providing offices therein for the various county officers, and a room in which the chancery court should be held; that it intended to use the money derived from the sale of the bonds for that purpose, and ordered that the bonds be issued and sold.

Several of the taxpayers objected to this, and the validation proceeding, in which the decree here appealed from was rendered, was then begun.

Two reasons are assigned for the invalidity of the proposed bond issue: First, the county, under the statute, is without power to construct or maintain more than one courthouse; and, second, that the proposition on which the election was held was the "remodeling, enlarging, repairing and supplementing the present courthouse," and not the erection of a building separate and distinct therefrom.

It will not be necessary for us to discuss the first of these contentions, for the second must prevail without reference to the first.

Under section 2, chapter 207, Laws of 1920, section 7840, Hemingway's 1927 Code, the board of supervisors can here issue bonds for the purpose only that is set forth in its first order, declaring its intention so to do. The purpose there set forth is to "remodel, enlarge, repair and supplement the Courthouse." All of the words here used clearly indicate that the board intended to issue the bonds for the purpose of repairing or enlarging the present courthouse, and not to construct another building apart therefrom, and in no wise connected therewith. If a separate and distinct building was to be erected, in which one of the courts of the county was to be held, thereby becoming to all intents and purposes another courthouse, the qualified electors were entitled, under the statute, to know that in determining whether or not they would have approved it. The decree of the court below will be reversed, and a decree will be rendered here, holding the proposed bonds to be invalid.

Reversed and decree here.